IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE ORLANDO McKINNON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-21-1880 |
| SAMANTHA B. SANDLER | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented plaintiff Willie Orlando McKinnon, who is incarcerated at the Montgomery County Detention Center, alleges in this complaint filed pursuant to 42 U.S.C. § 1983, that Samantha B. Sandler violated attorney client confidentiality, committed malpractice, committed witness tampering, withheld evidence, made false statements, and provided ineffective assistance of counsel, and he requests damages of $5 million. Complaint, ECF No. 1. McKinnon also filed a motion to proceed in forma pauperis which will be granted based on the information provided.[1]

McKinnon is charged by Indictment with three counts of armed robbery, two counts of conspiracy to commit armed robbery, and related theft offenses in Case No. 138299C (Cir. Ct. Montgomery Cty. filed Mar. 18, 2021). He is represented in that case by Assistant Public Defender Samantha Sandler. *See* https://casesearch.courts.state.md.us (visited August 2, 2021). Trial is set for November 1, 2021. *Id.*

---

[1] McKinnon signed and dated the certificate of service at the bottom of the motion, although his financial affidavit is signed and undated. (ECF No. 2). For reasons discussed herein, permitting him to correct this oversight will only delay resolution of this matter

The in forma pauperis statute at 28 U.S.C. § 1915 permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires courts to conduct an initial screening of the complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723–25 (2020). Further, a prisoner's ability to file a complaint in federal court without first paying the filing fee will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Two elements must be shown to sustain an action under 42 U.S.C. § 1983: (1) a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that the defendant was acting under color of law, these claims are subject to dismissal. *See Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (no state action in conduct of public defenders absent allegations they acted pursuant to a state-mandated rule or procedure); *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir.1980) (similar)). McKinnon has not named a defendant amenable to suit in a § 1983 action and this case will be dismissed. To the extent McKinnon alleges the defendant has violated state law, the court declines to exercise supplemental jurisdiction, and will dismiss the state claims without prejudice.[2] *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental

---

[2] McKinnon therefore may present his claims in the appropriate state forum. Further, inmates convicted in state court may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and raise claims of ineffective assistance of

jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction."); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

For the foregoing reasons, the court finds that McKinnon has failed to state a claim. The complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and he will be assigned a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

 8/3/2021                                        /s/
Date                                     Catherine C. Blake
                                         United States District Judge

---

counsel and other claims, after first exhausting their state court remedies. The Clerk will send McKinnon a forms and information packet about filing a § 2254 petition.